Henry WILLIAMS, Plaintiff,

v.

THE GRADALL COMPANY, Defendant.

No. 2:97CV614.

United States District Court,
E.D. Virginia,
Norfolk Division.

Jan. 6, 1998.

Michael F. Imprevento, Breit, Drescher & Breit, P.C., Norfolk, VA, for Plaintiff.

Philip N. Davey, Patrick M. Brogan, Davey Associates, P.C., Norfolk, VA, for Defendant.

## OPINION AND ORDER

PRINCE, United States Magistrate Judge.

Defendant, The Gradall Company ("Gradall") filed Memorandum In Support of Motion For Partial Summary Judgment and Motion In Limine (Docket # 13) asking for partial summary judgment and dismissal of plaintiff's warranty claims, and the exclusion of evidence regarding alleged equipment defects with respect to mirrors and visibility. The motion for partial summary judgment[1] is based upon an assertion that there is no evidence to support an alleged express warranty (Count II), and that there is a disclaimer as to any warranties, express or implied (Counts II, III and IV).[2] Plaintiff contends that Gradall has waived the right to any disclaimer defense because it never set out disclaimer as an affirmative defense, and is now procedurally barred from doing so. Finally, the sufficiency of plaintiff's breach of express warranty claim is considered.

## PLAINTIFF'S PRELIMINARY OBJECTION

Plaintiff contends that Gradall failed to follow the provisions of Local Rule 56(B)[3] by not including in the partial summary judgment motion:

a specifically captioned section listing all material facts as to which the moving par-

---

1. The parties have consented to the jurisdiction of a magistrate judge to hear the case and enter final judgment.

2. Plaintiff announced at the final pretrial conference that it would offer no evidence attempting to prove defective equipment with respect to mirrors and visibility. Therefore, the motion in limine has become moot.

3. Local Rule 10(F)(2), prior to January 1, 1997.

ty contends there is no genuine issue and citing the parts of the record relied on to support the listed facts as alleged to be undisputed.

*Local Court Rules of the United States District Court for the Eastern District of Virginia,* 56(B). Plaintiff reasonably contends that the motion should be dismissed for this failure. Clearly, Gradall failed to follow Local Rule 56(B). Although it included a Statement of Facts concerning the accident and some facts about the purchase of the excavator, it made no statement that the facts stated were undisputed, nor did it make any reference to the record. Instead, an affidavit with attached exhibits was filed, which were referred to in the arguments presented. Nevertheless, the Court can resolve the substantive issues raised and alleviate the need to consider them at trial.[4] The Court declines to grant plaintiff's request to dismiss the motion on this ground.

## RELEVANT FACTS

Plaintiff was an employee of the City of Chesapeake, Virginia, on August 23, 1993, working as a flagman directing traffic around a construction site. While so employed, plaintiff suffered serious injuries when a Gradall Excavator 660E struck him. The equipment is a telescopic boom hydraulic excavator, truck mounted, owned and operated by the City at the time of the accident.

The City's acquisition of the equipment began on August 15, 1990, when it issued an invitation to bid via a Purchase Quotation Sheet for an "excavating machine, truck mounted multipurpose type as per the details and specifications attached." On August 29, 1990, J.W. Burress, Inc. submitted a quote on the item using the same Purchase Quotation Sheet. (Exh. B, Plaintiff's Memorandum in Opposition.) The Burress bid was accepted and an order was placed by Burress with Gradall for the equipment. There were

no negotiations between the City and Burress regarding warranties, either express or implied, and the invitation to bid made no reference to warranties.

Burress and Gradall entered into the Gradall Equipment Distributor Agreement on October 28, 1983. (Exh. A, Defendant's Memorandum in Support.) Incorporated into the agreement as paragraph J, was Gradall's Warranty Policy. The new equipment warranty was that each new product would be free from defects in material and workmanship, and liability was limited to repairing or replacing any defective part for a period of twelve months.[5] The warranty concluded: "This warranty is expressly in lieu of any other warranties express or implied, including any implied warranty of merchantability or fitness for a particular purpose." Gradall also issued for delivery with its new equipment a "Warranty Certificate" containing the same provisions as paragraph J of the distributor agreement. It is disputed whether this warranty policy was actually delivered to the City with the excavator at issue.[6]

Burress delivered the equipment to the City on February 12, 1991. Receipt of it was acknowledged by City employee Marvin Brickhouse, who signed a Gradall form that bore no specific title other than in a box in the upper right corner stating in black lettering on a white background, "MACHINE WARRANTY REGISTRATION & DELIVERY REPORT." (Exh. K, attached to Brickhouse Affidavit, Plaintiff's Memorandum in Opposition.) Immediately under that title, in white lettering on a black background, is stated, "MUST BE SUBMITTED WITHIN 10 DAYS OF DELIVERY OF MACHINE." Near the top of the form on the left side, under Gradall's name and address, in small lettering, is stated, "ALL PARTS OF THIS FORM MUST BE COM-

---

4. Counsel should be alert to Local Rule 56(B). Failing to follow it might be at the cost of trying a case that has no merit.

5. The City was apparently aware of this provision because it took advantage of it.

6. Plaintiff argues that evidence that this certificate was never issued with the delivery of the

equipment is the fact that the copy exhibited with Gradall's motion has no signatures on it. The Court believes that what plaintiff contends are the signature lines are only spaces for inserting the names of the owner and distributor of the equipment, and information identifying the particular piece of equipment.

PLETED TO REGISTER WARRANTY PER PROCEDURE MANUAL. SEE RE-VERSE SIDE."

On the left center of the form in a box under the heading " 'CHECK–OFF ITEMS' " are nine items listed with a check-off box preceding each, including "ALL MANUALS WITH MACHINE" and "MAN-UALS EXPLAINED." Under that list is a space for "Distributor's Comments," under that, a line following "Distributor's Signa-ture," and then a date line. In the check-off box nothing was checked, commented, or signed. The date "2–12–91," however, was typed in.

On the right center of the Gradall form, in a box under the heading " 'STATEMENTS' " is, "2. THE FOLLOWING ITEMS (AMONG OTHERS) WERE EXPLAINED TO CUS-TOMER.... D-WARRANTY TERMS AND COVERAGE." Under the boxes of check-off items and statements, covering the bottom third of the Gradall form, is "CUSTOMER'S DECLARATION." Included under that are: "I HAVE ALSO RECEIVED A COPY OF THE WARRANTY POLICY, AND UN-DERSTAND THE TERMS DESCRIBED THEREIN," and "I ALSO HAVE RE-VIEWED, UNDERSTAND, AND AGREE WITH, THE INFORMATION, 'CHECK–OFF ITEMS,' AND 'STATEMENTS' ON THIS FORM, ALL OF WHICH HAVE BEEN EXPLAINED TO ME." In the bot-tom right corner of the form is stamped, "RECEIVED JULY 1 1991 GRADALL SERVICE DEPT."

## DISCLAIMER

Gradall relies upon the form signed by Marvin Brickhouse as proof establishing the disclaimer of warranties permitted by the Uniform Commercial Code as adopted in Vir-ginia. Va.Code Ann. § 8.2–316. Plaintiff has filed affidavits of Marvin Brickhouse (he can not read; nothing was explained to him; and no Warranty Policy was brought to his atten-tion); Reggie Padgett (he would have custo-dy of any warranty documents if delivered,

but there are none); and Bill Davis (the invitation to bid was issued by him; the City never negotiated with Burress regarding warranties, and the bid mentioned no war-ranty disclaimers.)

The contract terms were in the City's invitation to bid with the attached specifications, and in Burress' bid. It is un-disputed that neither the invitation nor the bid mentioned warranties.[7] Gradall knew that the "customer" was the City of Chesa-peake, although the latter had contracted with Gradall's distributor, J.W. Burress, Inc. Lack of privity of contract, however, is no longer a defense in Virginia to a claim of breach of warranty. Va.Code Ann. § 8.2–318; *see also Buettner v. R.W. Martin & Sons, Inc.,* 47 F.3d 116, 118–119 (4th Cir. 1995). Therefore, any warranties imposed by law would run from Gradall to the City. Although Va.Code § 8.2–316 affords a seller a way to disclaim warranties, *Reibold v. Si-mon Aerials, Inc.,* 859 F.Supp. 193, 199 (E.D.Va.1994), they may not be disclaimed for the first time upon delivery of the goods promised without an agreed modification of the contract. *See, e.g., Bowdoin v. Showell Growers, Inc.,* 817 F.2d 1543, 1546–48 (11th Cir.1987).

In *Reibold,* a case factually similar in that the plaintiff was an employee of the purchas-er of equipment from the manufacturer, Judge Doumar said:

[I]t makes good policy sense to allow em-ployer-purchasers to negotiate warranties with manufacturers, because the employer is in an excellent position to measure and control the risks of employees injuring themselves while using such goods. Espe-cially in a case such as this one, where Hertz maintains its own mechanics and engages in extensive company-wide safety training, it makes sense for Hertz to bear the risks of employee injuries in exchange for a cut in the price from the manufactur-er. In any case, where two sophisticated and relatively equal parties enter such bar-gains—whether the bargain appears to

---

**7.** It is stated in the affidavit of Bill S. Davis that the "offer and acceptance were memorialized on or about October 9, 1990." Any document of memorialization is not exhibited, but the parties do not dispute that warranty terms were not included in the negotiations between the City and Burress. This discussion, however, lays aside the question of the alleged express warranty.

make sense or not after the fact—it is not for the court or for juries to second-guess and rewrite such bargains. (Citation omitted.)

859 F.Supp. at 200. In that case, the parties had agreed to the disclaimer of warranties. The issue was whether that agreement could cut off the employee's right to claim the warranties established by the Uniform Commercial Code. *Reibold* held that it would. *Id.* 859 F.Supp. at 196–200. The Fourth Circuit held the same subsequently in *Buettner*, 47 F.3d at 119.

■ Here, Gradall contends that through a course of dealing with the City, and performance of prior sale contracts, it had been established that Gradall's disclaimer was a part of the agreement. *See* Virginia Code Ann. § 8.2–316(3)(c). This contention makes it clear that the motion for partial summary judgment must be denied, because whether there was a course of dealing establishing the disclaimer would be a disputed issue.

## WAIVER OF DISCLAIMER DEFENSE

■ Logically, the Court next considers the plaintiff's position that the disclaimer defense has been waived entirely for failure to raise it as an affirmative defense. Plaintiff has argued, and Gradall has not refuted, that the disclaimer issue was first raised by defendant in the motion for partial summary judgment filed on November 26, 1997. The plaintiff relies on Federal Rule of Civil Procedure 8(c), which requires parties to set forth affirmative defenses in their pleadings.

This case was removed from the Circuit Court of the City of Norfolk, where the Gradall Company's Grounds of Defense were filed. Gradall's responsive pleading neglected to include "disclaimer" among the affirmative defenses asserted. Plaintiff states that because it was not raised as a defense, no discovery was directed to that issue, and its discovery cut-off was October 17, 1997, as established by the Initial Pretrial Conference Order dated July 22, 1997. Defendant replied at oral argument, asserting that plaintiff had ample notice of the disclaimer issue and that the technical failure to plead this defense was without resulting prejudice.

■ A warranty disclaimer defense is an affirmative defense. *See, e.g., Leadertex, Inc. v. Morganton Dyeing & Finishing Corp.,* 67 F.3d 20, 23 (2d Cir.1995); *Knapp Shoes, Inc. v. Sylvania Shoe Manuf., Corp.,* 15 F.3d 1222, 1223 (1st Cir.1994). Failing to assert an affirmative defense in a responsive pleading usually results in a waiver. *Starcraft Co. v. C.J. Heck Co.,* 748 F.2d 982, 990 n. 11 (5th Cir.1984) (citation omitted); *Allied Chemical Corp. v. Mackay,* 695 F.2d 854, 855 (5th Cir.1983); *but c.f., TRW, Inc. v. Dart Industries, Inc.,* No. 84 C3094, 1986 WL 11373 (N.D.Ill. Oct.6, 1986)(granting defendant leave to amend to add affirmative defense of disclaimer of warranties, where no prejudice to opposing party would result).

The time for discovery pertaining to the myriad of issues surrounding the alleged disclaimer of warranties has lapsed. This defense had accrued, if at all, well before the responsive pleadings in this matter were filed. Defendant's argument that the issue was sufficiently raised tacitly is unpersuasive. Raising the defense at this late hour results in unfair surprise and inadequate opportunity to prepare to rebut the defense. The Court finds that Gradall has waived the defense, and plaintiff would be prejudiced to permit the defense to be asserted at this time.

## EXPRESS WARRANTY

Plaintiff points to the deposition of Thomas J. Foreman, beginning at page 62, as evidence of the express warranty. (Exh. F, Plaintiff's Memorandum in Opposition). Mr. Foreman testified that the City's specifications called for a travel alarm on the machine as standard equipment, and that it was the City's expectation that the alarm would "meet all codes and rules set by the state." Plaintiff concedes that the excavator had the alarm, but contends that it was not loud enough to adequately warn him that it was moving.

■ Thus, plaintiff argues that the failure of the equipment to have a travel alarm that met the City's expectation was breach of an express warranty. Plaintiff relies upon Va. Code Ann. § 8.2–313 as the basis for establishing that under these facts an express

warranty existed. The Court believes that the record before it is insufficient to establish that there was or was not an express warranty, and that that issue should be reserved for the trial.

## ORDER

For the reasons aforesaid, Gradall's motion for partial summary judgment is DENIED in all respects.